**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DENTONS US LLP,** | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | )   Case No. 1:14-cv-1312-RDM |
| | ) |
| **THE REPUBLIC OF GUINEA et al.,** | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

**THIRTY DAY STATUS REPORT**
**OF DOCUMENT PRODUCTION FROM DEFENDANTS THE DEFENDANT**
**REPUBLIC OF GUINEA AND ITS MINISTRY OF MINING AND GEOLOGY**

At the hearing on March 7, 2017, the Court requested a status report on the production of documents from Defendants, the Republic of Guinea and its Ministry of Mining and Geology. This Status Report provides the Court with the results of discovery efforts undertaken by the Defendants.

Counsel has worked with Guinean government officials and with a prominent e-discovery and litigation support consulting firm - HLP Intergration. Concurrent with the filing of this report, Defendants are producing the following materials to supplement prior document production:

1. 880 documents from Guinean officials
2. 726 documents from Attorney Philip Rogers, formerly with Clyde & Co., the law firm that completed the negotiations with Rio Tinto, including the Final Agreement with Rio Tinto
3. Six (6) attachments to documents that are "password protected" where the password is unknown, but the attachments were sent by Dentons.

Counsel has coordinated with Guinean official Kalil Mara to follow up on the investigation initiated by Defendants' attorney on his trip to Conakry, Guinea in January,

2017.  Mr. Kalil Mara remains actively engaged in working with the identified government officials to coordinate the production of documents and to serve as a liaison between the Guinean government officials and the government's counsel in Washington.

The transfer of emails that could be responsive to Plaintiff's document request was accomplished by having each official perform key word searches of their personal email accounts.  As noted in Counsel's prior Declaration, the Government of Guinea did not provide for .gov email accounts and emails were received by government officials on their own personal accounts, if they had such accounts.  The government official would call up emails that contain a designated key word and would review the email to determine whether the email related to the time period or subject matter of the litigation.  If so, the email was forwarded – one email at a time – to counsel in Washington DC.

Once the documents were received in Washington, Defendants' counsel would review the email with personnel qualified to translate the documents from French to English.  The review would involve a determination as to whether the document was responsive or non-responsive to the discovery requested and whether the document was to be identified as "confidential" or "confidential – attorneys eyes only."  The documents were transmitted to HLP Integration to prepare the documents for production, bates stamping, and to hold in a protected data base.

Counsel for Guinea also coordinated with Counsel for Dentons.  As suggested at the March 7, 2017 hearing, Dentons' counsel provided a list of government officials who may have responsive documents.

- Soumah Koulako Camara
- Bouna Sylla
- Cece Noramou
-  Mamady Caba
- Kalil Kourouma
- Kerfalla Yansane and his assistant, Mamadou Diallo, who is searching for documents

- Idrissa Thiam

Each of these government officials have searched their emails for responsive documents, except Mr. Kourouma who has informed us that he did not have an email account until recently. [1] The remaining persons forwarded responsive emails one at a time to counsel in Washington, DC.

Dentons' counsel also requested that the following list of persons check their records for responsive documents:

- Abdoulaye Magassouba
- Saadou Nimaga
- Mohamed Lamine Fofana (former Minister of Mines and Geology)
- Ms. Toure (Financial controller at Ministry of Mines, we aren't sure what her first name is)
- Yamousa Bangoura (Mining Advisor to President Conde)
- Aboubacar Kagbe Toure (Deputy General Administrator of SOGUIPAMI)
- Koly Jacques Niankoye Sagno (was Coordinator at PAGSEM)

These government officials (except Mr. Fofana who left government service two years ago) were contacted by Mr. Kalil Mara. Per Court Order, document production from these officials must be produced within 90 days of the March 7, 2017 hearing. Extensive efforts are underway to collect, review and process documents from the requested list of officials.

Dentons' counsel also recommended the following additional search terms:

- "Cahn"
- "Fofana"
- "Wouters"
- "Lazard"
- "Khatib"
- "Clyde"
- "Chinalco"

---

[1] To verify Mr. Kourouma's lack of email account, we reviewed Dentons' document production to see if we could find any emails sent to Mr. Kourouma, but we did not locate such email messages.

Some of these search terms have proven to be vastly over-inclusive. For example, it seems likely that if Minister Fofana or other persons at the Ministry of Mines searched for emails that had the key word "Fofana," he would find far too many emails that are unrelated to the litigation. Nonetheless, the Guinean officials were informed of the suggested search terms.

A review of emails located with search terms revealed that the "Simandou" search term produced many unrelated emails as Simandou is a relatively large geographic area of Guinea and it is the center of various unrelated oil drilling and other natural resource projects. Thus, emails that discussed those unrelated projects were deemed not responsive and eliminated from document production.

Similarly other key words had their own problems with over-inclusiveness. For example, Clyde & Co. also advised Guinea with respect to other matters and so a search for the keyword "Clyde" brought up documents unrelated to the Dentons litigation.

In sum, the Guinean officials could not simply forward every email that contained a selected keyword, but had to review and classify every email and forward those emails that related to the litigation during the relevant time period.

To follow up on prior issues mentioned in the Declaration, Defendants have located numerous documents relating to the World Bank bid procedures and the results of that competitive bidding process, as requested by Dentons' counsel.

At the same time that Guinea's attorneys were actively working to produce documents within the possession of the government, there was a renewed effort to collect documents from Philip Rogers, the Clyde & Co. attorney (now with Brown Rudnick) who negotiated the agreement with Rio Tinto. Mr. Rogers has forwarded his records, including the Rio Tinto agreement that has been produced contemporaneous with this Status Report. However, a technical problem has to be solved as various electronic files

sent by Mr. Rogers were received empty and there is an effort to find those files that did not transfer. This issue will be resolved during the next 30 days.

To fully comply with the Court's Order, the Defendants will continue the work to produce the requested, non-privileged documents from the persons identified by Dentons' counsel while using the suggested keywords.

Defendants will provide a second Status Report 30 days from the filing of this Report to update the Court on the additional progress made by Defendants.

Respectfully,

_/s/ David H. Dickieson_____
David H. Dickieson (DC Bar #321778)
Schertler & Onorato, LLP
1101 Pennsylvania Avenue, NW, Suite 1150
Washington, DC  20004
Telephone: 202-824-1222
Facsimile: 202-628-4199
ddickieson@schertlerlaw.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on April 7, 2017, I served copies of the foregoing on opposing counsel, below, via email and by the Court's electronic filing system:

Ana C. Reyes (areyes@wc.com)
Justin S. Rowinsky (jrowinsky@ws.com)
Michael S. Sundermeyer (msundermeyer@wc.com)
Leslie C. Vigen (lmahaffey@wc.com)
Williams & Connolly LLP
725 12th Street, NW
Washington, D.C. 20005

s/ David H. Dickieson
David H. Dickieson
