**2012 CODE OF PUBLIC PROCUREMENT**

<u>**LAW L/2012/No. 020/CNT (Oct. 11, 2012)**</u>

**TITLE I: Purpose, Definitions, General Principles, and Scope & Threshold of Application**

**Article 1: Purpose and Definitions**

This law establishes the rules that govern the award, control and regulation of public procurement contracts and public service delegations.

For the purposes of this law, a public procurement contract shall be understood to mean any written contract entered into for consideration and awarded in accordance with its provisions by which a contractor, supplier, or service provider undertakes toward one of the legal persons mentioned in Article 3 below either to carry out work or provide goods or services in exchange for payment of a price.

For the purposes of this law, a public service delegation shall be understood to mean any contract by which one of the public legal persons referred to in Article 3 below entrusts the management of a public service for which it is responsible to a delegatee, whose remuneration is linked to or essentially assured by the income derived from operation of the service. Public service delegations include the state services concerned, delegated service contracts, and public service concessions, whether or not they include the completion of work.

**Article 2: General Principles**

The rules for awarding the contracts are based on the principles of competition, freedom of access to public procurement, equal treatment of the candidates, economy and efficacy in the procurement process, and transparency of the procedures. These principles apply to all public procurement regardless of the amounts and the sources of funding, insofar as they appear in the budget of the State, the territorial administration or any other public entity.

**Article 4: Application Threshold**

The provisions of this law apply to public procurement contracts with an estimated value, including all taxes, greater than or equal to the thresholds for awarding public procurement contracts as set out by decree in the Council of Ministers.

The contracting authorities' assessments of the amounts of their contracts and the budget lines allocated to them shall not result in their exoneration from the rules that are normally applicable to them under this law.

**TITLE III: General rules applicable to procedures governing the award of public contracts and public service delegations**

**Chapter 3: Procedures governing the award of public procurement contracts and public service delegations**

**Article 11: Types of procedures**

Defendants' Exhibit

**10**

1) Public procurement contracts and public service delegations are awarded after a competitive procedure involving the potential candidates. The invitation to tender procedure is the rule. Any other method of procurement must be carried out under the conditions defined by the law and must be authorized by the Finance Minister, the recipient of the request, after justification by the contracting authority of his choice and notification to the structure in charge of controlling public contracts.

2) The invitation to tender is the procedure by which the structure in charge of awarding the contracts, with the assistance of the contracting authority, selects the offer that is consistent with the technical specifications, that has been evaluated as the lowest price offer, and whose tenderer has met the qualification criteria. This procedure is concluded without negotiation on the basis of objective evaluation criteria that are brought to the attention of the candidates in advance in the tender documentation in connection with the purpose of the contract and which are expressed in monetary terms.

3) In exceptional cases, contracts may be awarded following a simplified consultation procedure if the application threshold indicated in Article 4 of this Law is not met or according to the direct agreement procedure under the conditions defined in this Law. The contract is awarded by direct agreement where the contracting authority conducts informal discussions as it deems appropriate with one or more contractors, suppliers, or service providers.

4) Contracts are awarded by direct agreement in the following cases:

- where the requirements can only be filled by services involving the use of a patent, license, or exclusive rights held by a single contractor, supplier, or service provider;

- where the contracts concern defense and national security requirements for which secrecy is necessary or for which the protection of the State's essential interests is incompatible with publicity measures;

- in cases of extreme urgency, for work, delivery of supplies, or performance of services that the contracting authority must carry out in the place of a defaulting contractor, supplier, or service provider;

- in cases of utmost urgency arising from unforeseeable circumstances or force majeure events that make it impossible to respect the time frames provided for in the invitation to tender procedure and that require immediate intervention, provided that the contract authority was unable to foresee the circumstances at the origin of the urgency.

5) Contracts involving intellectual services, which represent activities for which the predominant element is not physically quantifiable, are awarded after a consultation with candidates selected after the publication of a call for expression of interest and submission of proposals.

## **DECREE D/2012/128/PRG/SGG (Dec. 3, 2012)**

**TITLE 3: Procedures governing the Award of Public Procurement Contracts and Public Service Delegations**

**Chapter 1: Procedures for awarding public procurement contracts**

**Section 5: Contracts by direct agreement or negotiated contracts**

**Article 38: Prior Authorization**

With the exception of the contracts referred to in Article 39 below, contracts by direct agreement must be authorized in advance by the Minister of Finance after justification by the contracting authority and obtaining a reasoned opinion from the ACGPMP (*Administration et Contrôle des Grands Projets et des Marchés Publics* [Administration and Control of Major Projects and Public Procurement]).

The over-the-counter procedure, however, cannot have the effect of allowing the contracting authority to evade its competitive tendering obligation to include at least three candidates with the potential of executing the contract, to the exclusion of the scenario described in the first paragraph of Article 11, paragraph 4, of Law 1J2012/No. 020/CNT of October 11, 2012 establishing the rules that govern the award, control, and regulation of public procurement contracts and public service delegations.

The ACGPMP and the DNMP (*Direction Nationale des Marchés Publics* [National Public Procurement Directorate]) shall ensure for each budget year that the total amount of over-the-counter contracts awarded by each contracting authority shall not exceed ten percent (10%) of the total amount of public procurement contracts awarded by this authority.

In the event that a contracting authority requests authorization from the Minister of Finance to award an over-the-counter agreement even though the ten percent (10%) threshold described above has already been exceeded, the DNMP, unless the authorization is refused, shall be obligated to contact the regulation authority, which must validate the procedure.

**Article 39: Defense contracts**

In application of the provisions of Law L/2012/No.020/CNT of 11 October 2012 relative to public procurement contracts and public service delegations, and when the contract relates to national defense and security needs requiring secrecy or for which the protection of the State's vital interests is incompatible with publicity measures, the legal conditions required to implement a procedure for awarding contracts by direct agreement are established by a special commission attached to the Presidency of the Republic, which is created and operates in accordance with modalities defined on a regulatory basis. This special commission has the powers to monitor the procedure for awarding the contract and its execution.

**Section 13: Signing, Approval, and Notification of the Contract**

**Article 73: Contract Signing**

Once the selection procedure and the draft contract are deemed compliant by the ACGPMP, the contract or delegation shall be signed by the successful bidder, the representative of the contracting authority, and the ACGPMP before approval by the Minister of Finance.

Whether or not the contract signing takes place in a single session, the signatories shall have a period of seven (7) business days for the signing of the contract or delegation starting with the date of receipt of the draft contract validated by ACGPMP and signed by the successful bidder.

**Article 74: Contract Approval**

Public contracts, according to the capacity of the contracting authority, are sent by the DNMP to the Minister of Finance within his authority for approval or, as applicable, to any financial controller who has received a delegation from the Minister of Finance. The contract approval either takes place during the single signing session or after signing of the contract as defined in Article 73.

This approval must be obtained within the offer validity period.

The approval of the contract may only be refused by a reasoned decision rendered within seven (7) business days of transmission of the file for approval. It may be appealed before the ARMP (*Autorité de Régulation des Marchés Publics* [Public Procurement Regulation Authority]) by any party to the contract.

Approval may not be refused except in the case of a lack of appropriations or insufficient appropriations.

Contracts that have not been approved are null and void.



TRANSPERFECT

City of New York, State of New York, County of New York

I, Aurora Landman, hereby certify that the excerpts of the "2012 Code de Marchés Publics" are to the best of my knowledge and belief, true and accurate translations from French into English (US).

Aurora Landman

Sworn to before me this
August 2, 2017

Signature, Notary Public



Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

THREE PARK AVENUE, 39TH FLOOR, NEW YORK, NY 10016 | T 212.689.5555 | F 212.689.1059 | WWW.TRANSPERFECT.COM

OFFICES IN 90 CITIES WORLDWIDE