IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENTONS US LLP,<br><br>    *Plaintiff,*<br><br>v.<br><br>THE REPUBLIC OF GUINEA et al.,<br><br>    *Defendants.*<br><br>THE REPUBLIC OF GUINEA et al.,<br><br>    *Counterclaim and Third Party Plaintiffs,*<br><br>v.<br><br>DENTONS US LLP et al.,<br><br>    *Counterclaim and Third Party Defendants.* | Case No. 1:14-cv-1312-RDM |

### DECLARATION OF LESLIE COOPER VIGEN, ESQ.

I, Leslie Cooper Vigen, declare as follows:

    1.    I am admitted to the Bar of this Court (No. 1019782) and am an attorney at the law firm of Williams & Connolly LLP, counsel for Dentons US LLP ("Dentons US"), Plaintiff in the above-captioned action. I respectfully submit this declaration in support of Dentons US's Memorandum in Opposition to Defendants' Motion for Summary Judgment.

    2.    I have represented Dentons US in this matter since it was initiated in August 2014, and I have personal knowledge of the conduct of the litigation. Unless otherwise stated, the facts included in this declaration are based on my personal knowledge.

## THE THIRD PARTY CLAIM

3. Defendants the Republic of Guinea and its Ministry of Mines and Geology (collectively "Defendants" or "Guinea") filed a Counterclaim and Third Party Claim on October 16, 2015. [Dkt. 25.] The Third Party Claim implicated three parties not previously involved in this litigation: Dentons Europe LLP ("Dentons Europe"), Dentons UKMEA LLP ("Dentons UKMEA"), and Salans FMC SNR Denton Group (the "Dentons Verein") (collectively, the "Third-Party Defendants").

4. Dentons Europe is based in Paris, France. Dentons UKMEA is based in London, England, United Kingdom. The Dentons Verein is based in Zurich, Switzerland. None of the three is a U.S. entity.

5. At that time, Williams & Connolly did not have an attorney-client relationship with any of these three entities. Each of the three parties decided to retain Williams & Connolly as its counsel in this action, and Williams & Connolly entered into a separate engagement letter with each of Dentons Europe, Dentons UKMEA, and the Dentons Verein for that purpose.

6. Williams & Connolly subsequently agreed to accept service on behalf of each of these parties in November 2015. Prior to acceptance of service, neither Dentons Europe, Dentons UKMEA, nor the Dentons Verein was a party to this action. Rather, they were joined as a result of Defendants initiating litigation against them by filing the Third Party Claim. The Third-Party Defendants moved to dismiss on December 9, 2015. [Dkt. 40.]

## DEFENDANTS' DISCOVERY REQUESTS

7. On February 10, 2016, Defendants served their First Set of Requests to Dentons US LLP for Production of Documents, which included 37 unique requests for production. These included requests for "[a]ll Documents and Communications in the possession of Dentons US

related in any manner to the representation of Guinea," Request No. 2, and "[a]ll Documents and Communications between any Dentons employees or any third parties that related in any manner to the Guinea representation matter," Request No. 3.

8. On February 18, 2016, counsel for Guinea served a "formal request for client files" upon undersigned counsel. In that letter, counsel represented: "we are the 'successor' counsel acting on behalf of Guinea in making this request to 'predecessor' counsel—your clients, SNR Denton and its affiliates." They then requested "the legal files that your clients generated while they were representing Guinea." Counsel for Plaintiff responded that Defendants had requested such documents in its requests for production to Dentons US, and that they would be produced accordingly in response to those requests.

9. On June 9, 2016, Defendants served document requests on each of the Third-Party Defendants. Defendants' requests to Dentons Europe included 39 unique requests; their requests to Dentons UKMEA included 39 unique requests; and their requests to the Dentons Verein included 39 unique requests.

10. Also on June 9, 2016, Defendants served additional document requests on Dentons US.

11. At the time Defendants served these document requests, the Third-Party Defendants' Motion to Dismiss was pending before the Court. The Third-Party Defendants objected to producing such discovery during the pendency of the Motion. In a July 11, 2016 teleconference, the Court ordered the Third-Party Defendants to produce documents notwithstanding that some or all might be dismissed from the action. Accordingly, Dentons Europe and Dentons UKMEA collected, reviewed, and produced over 12,000 documents to Defendants. (The Dentons Verein determined it had no responsive documents.)

12. In a September 25, 2016 Memorandum Opinion and Order, the Court dismissed Dentons Europe and Dentons UKMEA from this action. [Dkt. 59.] It dismissed certain causes of action against the Dentons Verein, but allowed breach-of-contract claims to proceed against it.

13. By November 2016, Dentons US and the Third-Party Defendants had collectively produced over 90,000 documents to Defendants.

14. In December 2016, at the request of Dentons US, the Court held a hearing on Defendants' failure to respond adequately to discovery requests. Between December 2016 and June 2017, the proceedings were delayed to provide Defendants an opportunity to attempt to correct their discovery failures.

15. On June 5, 2017, Defendants served detailed interrogatories on Dentons US and the Dentons Verein. These included 22 interrogatories to Dentons US, and 17 interrogatories to the Dentons Verein.

16. On July 19, 2017, Dentons US and the Dentons Verein provided over 60 pages of detailed interrogatory responses to Defendants. Dentons US LLP's Objections and Responses to the Republic of Guinea's First Set of Interrogatories to Dentons US LLP consists of 49 pages. Salans FMC SNR Denton Group's Objections and Responses to the Republic of Guinea's First Set of Interrogatories to Salans FMC SNR Dentons Verein consists of 19 pages and was accompanied by a production consisting of 177 pages.

17. Defendants filed the Motion for Summary Judgment on August 4, 2017. [Dkt. 84.]

18. Four days later, on August 8, 2017, Defendants noticed the depositions of eight current and former partners and/or employees of Dentons US, Dentons Europe, and Dentons UKMEA—notwithstanding that Dentons Europe and Dentons UKMEA were dismissed from

this litigation. As to Dentons US, Defendants noticed the depositions of former partners Jonathan Cahn and Marian Hagler, former employees Laurent Lavigne du Cadet and Kenyon Weaver, current Global Chief Executive Officer Elliott Portnoy, and current Global Vice-Chair Peter Wolfson. As to Dentons Europe, Defendants noticed the deposition of current employee Marc Sage. (Mr. Sage is a former Dentons US employee.) As to Dentons UKMEA, Defendants noticed the deposition of former Chief Executive Officer Matthew Jones. These depositions have not taken place as a result of the parties' agreement regarding a partial stay of discovery during the pendency of the Motion for Summary Judgment. [Dkt. 90.]

## SUMMARY JUDGMENT DISCOVERY

19. Pursuant to the parties' agreement regarding limited discovery relevant to the Motion for Summary Judgment, Defendants provided interrogatory responses on September 29, 2017. Among other things, those interrogatories requested that Defendants:

> Explain in detail the process by which a $2 million payment was made to Dentons US on or about April 1, 2013. Your answer should explain the standard process for generating payments from Guinea to service providers; identify each person who knew of and/or approved of the payment; explain the precise source of the payment; describe the mechanism by which the payment was sent; and explain how, if at all, the process differed from the standard process for generating payments from Guinea to service providers.

Interrogatory No. 10. In response, Defendants stated that "[t]he Central Bank was able to find funds from sources outside of the Guinean budget and the Guinean government to advance the $2 million." A true and correct copy of Defendants' Supplemental Answers to Plaintiff's Interrogatories Nos. 2 and 10 Served on June 21, 2017 is attached hereto as Exhibit 1.

20. Counsel for Plaintiff informed counsel for Defendants that this representation was vague and nonresponsive. As a result, Defendants agreed to produce additional documents regarding the source of the $2 million payment.

21. On October 31, 2017, Defendants submitted a declaration from Saadou Nimaga, former legal counsel to the Republic of Guinea's Ministry of Mines and Geology. In that declaration, Mr. Nimaga claimed that Guinea could not determine the origin of the $2 million payment to Dentons US from the Guinean Central Bank or the source of the funds. A true and correct copy of Mr. Nimaga's declaration in the original French is attached hereto as Exhibit 2. A certified translation of Mr. Nimaga's declaration is attached hereto as Exhibit 3.

22. Also pursuant to the parties' agreement regarding limited discovery relevant to the Motion for Summary Judgment, Defendants produced a letter of engagement entered into between Guinea and the law firm Jones Day. That letter of engagement was signed by Guinea's Minister of Mines and Geology and its Minister of Planning & Cooperation. It was not signed by the Minister of Economy and Finance. A true and correct copy of the letter of engagement produced by Defendants is attached hereto as Exhibit 4.

**AUTHENTICATION OF DOCUMENTS**

23. Attached hereto as Exhibit 5 is a true and correct copy of excerpts from the transcript of the deposition of Abdoulaye Magassouba, taken on September 15, 2017.

24. Attached hereto as Exhibit 6 is a true and correct copy of excerpts from the transcript of the deposition of Kerfalla Yansane, taken on September 18, 2017.

25. Attached hereto as Exhibit 7 is a true and correct copy of excerpts from the deposition of Saadou Nimaga, taken on November 28, 2017.

26. I hereby certify that the attachments to the Declaration of Jonathan Cahn are true and correct copies of documents produced in this litigation by Dentons US or Guinea. Where an original of a document was in French, a certified English translation is also included.

27.   I hereby certify that the attachments to the Declaration of Marc Sage are true and correct copies of documents produced in this litigation by Dentons US. Where an original of a document was in French, a certified English translation is also included.

28.   I hereby certify that the attachments to the Declaration of Daniel Wouters are true and correct copies of documents produced in this litigation by Dentons US. Where an original of a document was in French, a certified English translation is also included.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Leslie Cooper Vigen (No. 1019782)

Executed on December 8, 2017