*Dentons US LLP v. The Republic of Guinea, et al.*
**Case No. 1:14-cv-1312-RDM**

# Vigen Ex. 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DENTONS US LLP, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cv-1312-RDM |
| | ) | |
| THE REPUBLIC OF GUINEA et al., | ) | |
| | ) | |
| *Defendants.* | ) | |
| ———————————————— | ) | |
| | ) | |
| THE REPUBLIC OF GUINEA et al., | ) | |
| | ) | |
| *Counterclaim Plaintiffs,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DENTONS US LLP et al., | ) | |
| | ) | |
| *Counterclaim and Third Party* | ) | |
| *Defendants.* | ) | |
| ———————————————— | ) | |

## DEFENDANTS' SUPPLEMENTAL ANSWERS TO
## PLAINTIFF'S INTERROGATORIES Nos. 2 AND 10 SERVED ON JUNE 21, 2017

Defendants, The Republic of Guinea and its Ministry of Mines and Geology (collectively "Defendants" or "Guinea"), provide the following supplemental answers to Plaintiff's Interrogatories served on June 21, 2017 ("Interrogatories"). Following Defendants initial responses to the Interrogatories, counsel for Plaintiff and Defendants met and conferred about the sufficiency of the Defendants' responses. As a result of that "meet and confer session," it was agreed that Defendants would supplement the responses to Interrogatories No. 2 and 10. Defendants hereby supplement their responses with the deposition testimony of Minister Kerfalla Yansane and Minister Abdoulaye Magassouba, supplemental answers and documents provided under Fed .R. Civ. Pro. Rule 33(d).

## INITIAL STATEMENT AND SUPPLEMENTAL GENERAL OBJECTIONS

A.      The title of this set of interrogatories suggests that it is directed at only the Republic of Guinea.  Plaintiff, however, defines "Guinea" to include without limitation its Ministry of Mines and Geology.  That definition is employed here as well as in an earlier set of 13 interrogatories served by Plaintiff on June 22, 2016.  As a result, Plaintiff has served a total of 27 interrogatories on the Defendants, not even including the "subparts" that also should be counted.  This set of interrogatories exceeds the limit permitted under Rule 33 of the Federal Rules of Civil Procedure. Plaintiff must seek leave of Court to exceed the number of interrogatories permitted by right under the Rules.  Plaintiff has not done so here.  Thus, Defendants are not required to respond to this patently excessive set of interrogatories propounded by Plaintiff.

B.      Without waiver of the objection asserted in paragraph A, above, Defendants respond to Interrogatories No. 1 and 10 per the parties Joint Stipulation Regarding Pending Motions for Summary Judgment and Stay of Discovery filed August 29, 2017 [ECF No. 90].

C.      Defendants' investigation and development of all facts and circumstances relating to this action are ongoing.  These objections are made without prejudice to, and are not a waiver of, Defendants' right to rely on other facts or documents at trial.

D.      By making the accompanying objections to Plaintiff's interrogatories, Defendants do not waive, and hereby expressly reserves, their right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Defendants make the objections herein without in any way implying that they consider the interrogatories or answers thereto to be relevant or material to the subject matter of this action.

E.    The information supplied in these answers is not based solely on the knowledge of the executing party, but includes knowledge of the party, its agents, representatives, and attorneys, unless privileged.

F.    The word usage and sentence structure may be that of the attorney assisting in the preparation of these answers and thus, does not necessarily purport to be the precise language of the executing party.

G.    Defendants expressly reserve the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## SUPPLEMENTAL ANSWERS AND SPECIFIC OBJECTIONS

1.    Provide a complete record of any individual or entity engaged for the purpose of providing legal services (including, but not limited to, the law firms Clyde & Co. and Jones Day), engineering services, tax consulting services, financial modeling services, investment banking services, public relations services, project management services, and/or translation services on Guinea's behalf in connection with the Simandou Project between November 2013 and present, including the name of each service provider (individuals and firms); that service provider's role and responsibilities; a detailed summary of the work performed by each service provider; the amount that service provider charged; the amount that service provider was paid (if anything); and the source of any such payment, whether Guinea or a third party.

**ANSWER:    Defendants object to this interrogatory because it seeks information that is protected from disclosure by the attorney-client communication privilege and the attorney work-product doctrine.  Defendants further object that this interrogatory seeks information that is irrelevant to the claims and defenses in this action.  Defendants further**

3

object that the interrogatory is overly broad and unduly burdensome given the inquiry's temporal scope and lack of relevance.  Plaintiff has served an excessive number of interrogatories (including discrete subparts) without leave of the Court to exceed the limit under Fed. R. Civ. P. 33(a)(1).

SUPPLEMENTAL ANSWER:      Following a meet and confer session, the Plaintiff's counsel agreed to narrow the scope of the interrogatory to professional service contracts relating to the Simandou project, similar to the services provided by the Taylor-DeJongh team in 2012 and 2013. Defendants have previously provided the contract details for Clyde & Co. that is requested by this Interrogatory. Without waiving the objections specified in the prior Answer, Defendants herewith produce the attached documents pursuant to Rule 33(d) of the Federal Rules of Civil Procedure.  Each of the government contracts were approved by two government ministers as required by Guinean procurement law and contracting requirements.  Each of the attached contracts was approved by the Minister of Economy & Finance ("Minister of Finance") in accordance with Guinea's public procurement laws, except the Jones Day contract which had a non-Guinea source of funds.

As to the Jones Day contract, the Minister of Mines & Geology ("Minister of Mines") and the Minister of Planning & International Cooperation signed this contract instead of the Minister of Finance because the cost of the contract is paid directly by a grant provided by the African Developpement Bank (AfDB) via the African Legal Services Facility and Guinea's governor at the AfDB is the Minister in charge of Planning & Cooperation and was therefore the person authorized to sign that particular contract.  The

4

**Minister of Finance's signature was not required because no funds were paid out of the Guinea government budget from government funds.**

10.     Explain in detail the process by which a $2 million payment was made to Dentons US on or about April 1, 2013. Your answer should explain the standard process for generating payments from Guinea to service providers; identify each person who knew of and/or approved of the payment; explain the precise source of the payment; describe the mechanism by which the payment was sent; and explain how, if at all, the process differed from the standard process for generating payments from Guinea to service providers.

**ANSWER:     This interrogatory is unduly burdensome, vague and oppressive.  This type of question is best addressed in a deposition setting than to have a tutorial on government spending in an interrogatory response.  Plaintiff has served an excessive number of interrogatories (including discrete subparts) without leave of the Court to exceed the limit under Fed. R. Civ. P. 33(a)(1).**

**SUPPLEMENTAL ANSWER:     The Defendants have provided the deposition testimony of Minister Magassouba and Minister Yansane to respond to Plaintiff's questions about the $2 million advance.  Such deposition testimony is hereby incorporated into this Response. In addition, Defendants have provided business records pursuant to F.R.Civ. Pro. Rule 33(d) that allow the Plaintiff to ascertain the answer to this interrogatory.  Minister Magassouba was an aide to the President at the time of the $2 million advance to SNR Dentons.  The circumstances leading to the transfer of the $2 million were addressed in the deposition and summarized and supplemented as follows:**

**The standard process for generating payments from Guinea to service providers is unlike the process that was used to advance the $2 million.  The standard process involves**

extensive involvement by the Minister of Finance to approve the underlying contract and to authorize the payment from the treasury of Guinea.  Minister Yansane has testified that he was the Minister of Finance in March of 2013 when the advance was demanded.  He knew nothing about the demand or the advance until well after the advance was transferred.

In March of 2013, the work leading up to negotiations was at a critical point.  The "investment framework" documents needed to be completed and turned over to Rio Tinto.  Recognizing that delay in turning over the investment framework documents could lead to the termination of all discussions and the end of any interest in developing the Simandou Project, Dentons took advantage of this critical time to insist that it receive a $2 million advance on fees before it would turn over the investment framework documents.  This act of extortion directed at a poor third world country created a panic of activity among the government officials involved in the Ministry of Mining in Guinea.  There were no funds in the Guinean budget to pay the $2 million to Dentons.  The Minister of Mining was working with Mr. Magassouba to have the funds advanced to Dentons to save the Simandou project.  The Minister of Finance was not consulted by Dentons, as counsel to the Guinean government and if it had sought out the Minister of Finance, they would have been informed (as they were later informed) that the Government was unable and unwilling to authorize a payment.  The contract with Guinea was insufficient to obligate the Guinean government to make a payment and Guinea's attorneys had never taken the necessary steps to have the contract approved by the Minister of Finance.  The Central Bank was able to find funds from sources outside of the Guinean budget and the Guinean government to advance the $2 million.  The $2 million was transferred by the Central Bank to Dentons by wire transfer to the Dentons Citibank

account # 0801051693 on March 29, 2013.  On that same date, Dentons lead partner Jonathan Cahn confirmed that the payment "is an advance of Simfer S.A.'s undertaking to underwrite the Ministry's advisory fees and expenses."  [DENUS 00614025]  Mr. Cahn also stated that following the advance, "you have my firm's assurance that we will continue working on this matter, and will deliver documents and analysis promptly."

This advance paid by the Central Bank is wholly different from a routine payment by Guinea on a fully authorized and approved service contract.  A payment to a service provider would be governed by a contract that was approved by the Minister of Finance and included in the budget of Guinea.  An invoice would be received and approved prior to the payment of an approved and budgeted obligation.  The $2 million advance had none of these hallmarks of approval and thus, the government of Guinea did not contribute funds for the advance.  Also, there would be no expectation following a payment to a service provider that the payment would be paid back.  The $2 million payment, on the other hand, was transferred on the condition that it would be repaid by Simfer S.A., as Guinea's attorney, Jonathan Cahn, had informed the Guinean officials.

I declare under penalty of perjury under the laws of the United States of America that the foregoing "Defendants' Response to Plaintiff's First Set of Interrogatories," dated August 1, 2016, and served in *Dentons US, LLP v. The Republic of Guinea, et al.*, 1:14-cv-1312-RDM, in the U.S. District Court for the District of Columbia, is true and correct. 28 U.S.C. § 1746(1).

Executed on _September 29, 2017_ (date).

Representative of the Republic of Guinea:

(Signature)

Print Name: _NAVA TOURÉ_

AS TO OBJECTIONS:

David H. Dickieson (DC Bar No. 321778)
Shermineh C. Jones (DC Bar No. 499900)
SCHERTLER & ONORATO, LLP
1101 Pennsylvania Avenue NW
Suite 1150
Washington, DC 20004
Telephone: (202) 824-1222; (202) 824-1238
Facsimile: (202) 628-4177
ddickieson@schertlerlaw.com
sjones@schertlerlaw.com

CERTIFICATE OF SERVICE

On September 29, 2017, a copy of the foregoing was served on opposing counsel, below,

via email:

> Michael S. Sundermeyer (msundermeyer@wc.com)
> Ana C. Reyes (areyes@wc.com)
> Leslie C. Vigen (lvigen@wc.com)
> Williams & Connolly LLP
> 725 12th Street NW
> Washington, DC 20005
> Email:

*Attorneys for Plaintiff Dentons US LLP*

David H. Dickieson
SCHERTLER & ONORATO, LLP

*Dentons US LLP v. The Republic of Guinea, et al.*
**Case No. 1:14-cv-1312-RDM**

# Vigen Ex. 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DENTONS US LLP,                              )
                                            )
        *Plaintiff,*                        )
                                            )
v.                                          )        **Case No. 1:14-cv-1312-RDM**
                                            )
THE REPUBLIC OF GUINEA et al.,              )
                                            )
        *Defendants.*                       )
—————————————————————————————)
                                            )
THE REPUBLIC OF GUINEA et al.,              )
                                            )
        *Counterclaim Plaintiffs,*          )
                                            )
v.                                          )
                                            )
DENTONS US LLP et al.,                      )
                                            )
        *Counterclaim and Third Party*      )
        *Defendants.*                       )
—————————————————————————————)

## DÉCLARATION SUR LE PAIEMENT ET LA SOURCE DES 2 MILLIONS DE DOLLARS US

Sur la base des informations en notre possession, nous ne pouvons pas déterminer l'origine exacte du montant des deux millions de Dollars des Etats-Unis transférés à Dentons le 29 mars 2013. Les faits à notre connaissance et relatifs à ce paiement se résument ainsi qu'il suit.

La partie guinéenne était en risque de ne pas pouvoir soumettre à Rio Tinto des documents pour la poursuite des discussions relatives au Cadre d'Investissement du projet Simandou-Sud car ces documents étaient retenus par Dentons qui réclamait le paiement d'une avance. Le Ministre des  Mines, contraint de trouver une solution pour faire avancer un projet d'importance capitale pour le développement du pays, et sur la base du fait que : (i) les négociations du Cadre d'Investissement risquaient d'être bloquées du fait de la rétention de documents faite par Dentons ; (ii) le Trésor Public ne pouvait pas être sollicité pour le paiement

1

réclamé en vertu du Code des Marchés Publics en raison du fait qu'il n'y avait pas de contrat valable ; (iii) le montant réclamé par Dentons est une avance remboursable par Dentons dès lors que le financement qu'il a promis d'aider la Guinée à mettre place aura été acquis ; a été obligé de trouver le moyen de procéder à une telle avance de fonds afin que les discussions du Cadre d'Investissement puissent progresser dans l'intérêt supérieur du pays. Nous ne savons pas quelle est, à titre privé, la source des fonds qui ont servi de contrepartie pour payer l'avance des deux millions de Dollars des Etats-Unis à Dentons.

I declare under penalty of perjury under the laws of the United States of America that the foregoing "Déclaration Sur Le Paiement Et La Source Des 2 Millions De Dollars US," and served in *Dentons US, LLP v. The Republic of Guinea, et al.*, 1:14-cv-1312-RDM, in the U.S. District Court for the District of Columbia, is true and correct. 28 U.S.C. § 1746(1).

Executed on  31/10/2017 (date).


Representative of the Republic of Guinea:

(Signature)

Print Name: Saadou NIMAGA

*Dentons US LLP v. The Republic of Guinea, et al.*
**Case No. 1:14-cv-1312-RDM**

# Vigen Ex. 3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DENTONS US LLP, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) **Case No. 1:14-cv-1312-RDM** |
| THE REPUBLIC  OF GUINEA et al., | ) |
| | ) |
| *Defendants.* | ) |
| ———————————————— | ) |
| | ) |
| THE REPUBLIC OF GUINEA et al., | ) |
| | ) |
| *Counterclaim Plaintiffs,* | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| DENTONS US LLP et al., | ) |
| | ) |
| *Counterclaim and Third Party* | ) |
| *Defendants.* | ) |
| ———————————————— | |

## DECLARATION REGARDING PAYMENT AND SOURCE OF THE USD 2 MILLION DOLLARS

Based on the information in our possession, we are not able to determine the exact origin of the two million United States dollars transferred to Dentons on March 29, 2013. To our knowledge, the facts surrounding this payment can be summarized as follows.

The Guinean party risked not being able to submit documents to Rio Tinto to continue discussing the Simandou-Sud project's Investment Framework because these documents were being withheld by Dentons, which was demanding that an advance be paid. The Minister of Mines, forced to find a solution to make progress on a project of vital importance to the country's development, and based on which: (i) negotiations surrounding the Investment Framework risked hitting a roadblock due to Dentons withholding the documents; (ii) the Government Treasury could not be asked to make this payment,

1

which was being demanded pursuant to the Public Procurement Code [*Code des Marchés Publics*],

because there was no valid contract; (iii) the amount claimed by Dentons is an advance that was

repayable by Dentons as soon as the funding it promised to help Guinea set up was acquired; was

obliged to find a way to undertake an advance of funds of this kind so that discussions surrounding the

Investment Framework could continue in the country's best interest. We do not know, privately, the

source of the funds used to pay the USD two million dollar advance to Dentons.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing "Déclaration Sur Le Paiement Et La Source Des 2 Millions De Dollars US," and served in

*Dentons US. LLP v. The Republic of Guinea, et al.*, l:14-cv-1312-RDM, in the U.S. District Court for

the District of Columbia, is true and correct. 28 U.S.C. § 1746( 1 ).


Executed on <u>10/31/2017</u> (date).


Representative of the Republic of Guinea:

_____
(Signature)

Print Name: _Saadou   NIMAGA_

| [ink stamp above] |
| :---: |
| Ministry of Mines and Geology |
| R.G. = Republic of Guinea |
| The Secretary General |



# YNDIGO
### TRANSLATIONS

STATE OF NEW YORK    )
                     ) ss
COUNTY OF KINGS      )

CERTIFICATE OF ACCURACY

I hereby certify that the attached is, to the best of my knowledge, ability and belief, a true and complete translation from French to English of *DÉCLARATION SUR LE PAIEMENT ET LA SOURCE DES 2 MILLIONS DE DOLLARS US, in Case No. 1:14-cv-1312-RDM, DENTONS US LLP v. THE REPUBLIC OF GUINEA, signed by Saadou Nimaga, executed on 10/31/2017.*

Glenn Cain
President
Yndigo Translations

Subscribed and sworn to before me this ___26___ day of ___November___ 2017.

Notary Public
My Commission Expires:

CHARLES E SEGURE JR
Notary Public - State of New York
NO. 01SE6136197
Qualified in Kings County
My Commission Expires 11/21/2021

709 CARROLL STREET, BROOKLYN, NY 11215 • 347.223.4334 • WWW.YNDIGOTRANSLATIONS.COM

*Dentons US LLP v. The Republic of Guinea, et al.*
**Case No. 1:14-cv-1312-RDM**

# Vigen Ex. 4

## FILED UNDER SEAL

# Vigen Ex. 5

## FILED UNDER SEAL

*Dentons US LLP v. The Republic of Guinea, et al.*
**Case No. 1:14-cv-1312-RDM**

# Vigen Ex. 6

# FILED UNDER SEAL

*Dentons US LLP v. The Republic of Guinea, et al.*
**Case No. 1:14-cv-1312-RDM**

# Vigen Ex. 7

## FILED UNDER SEAL