IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENTONS US LLP, <br><br> *Plaintiff,* <br><br> v. <br><br> THE REPUBLIC OF GUINEA et al., <br><br> *Defendants.* <br><br>――――――――――――――――― <br><br> THE REPUBLIC OF GUINEA et al., <br><br> *Counterclaim Plaintiffs,* <br><br> v. <br><br> DENTONS US LLP et al., <br><br> *Counterclaim and Third Party Defendants.* | Case No. 14-cv-1312-RDM |

**PLAINTIFF'S RESPONSE TO RULE 408 CONTENTION BY DEFENDANTS**

By Order dated February 5, 2019, the Court asked the parties to address Defendant's contention in its Reply brief in support of its Motion for Summary Judgment [Dkt. 99] that, "'[t]he Court should disregard Plaintiff's reliance on alleged hearsay discussions between Mr. Cahn and various Guinean officials in August 2013' because those discussions allegedly occurred 'during compromise negotiations' subject to Fed. R. Evid. 408." Minute Order, 2/5/19.

Denton US's response is straightforward. Rule 408 does not apply to the August 2013 communications because they did not occur during compromise negotiations. To be sure, in August 2013, the parties worked to find a means for Guinea to pay Denton US's invoices, but Guinea did not at that time contest the validity of the invoices themselves. To the contrary, one of

the primary communications that Guinea seeks to exclude is Minister of Mines Fofana's written statement that, "the Government has taken the decision to pay everything." Where, as here, parties discuss the payment terms of invoices, but the party invoiced does not contest that the amounts are owed, Rule 408 does not apply. *See infra* p.4.

Even if Rule 408 applied, Guinea's Motion is premised largely on its contention that there is no subject-matter jurisdiction under the Foreign Sovereign Immunities Act, and the Court can consider Rule 408 material for assessing that question. *See infra* p.5.

## BACKGROUND

As part of its Opposition to Guinea's Motion, Dentons US submitted a Statement of Material Facts ("SMF") which set out communications between Dentons US's attorneys and Guinean officials in August 2013. *See* SMF ¶¶ 133–141. In its Reply, Guinea challenged admission of these communications under Rule 408. *See* Reply at n.10.

By way of background relevant to this issue, the relationship between the parties spanned from May 2012 to approximately November 2013. In April 2013, Guinea had made a partial, $2 million payment on Dentons US's outstanding invoices. *See* SMF ¶ 90. At Guinea's request, Dentons US continued thereafter to provide legal services to Guinea. SMF, *e.g.*, ¶¶ 106–109. Dentons US continued to work for Guinea through the spring and summer, culminating in meetings in July 2013 with the Project Sponsor, Rio Tinto, and Guinea. After those meetings, in which Dentons US prepared Guinea to advocate aggressively for its position, Rio Tinto made clear that it would not fund Denton US's legal fees. SMF ¶ 130.

At that point, Guinea did not challenge the invoices or their amount. To the contrary, "Minister of Mines Fofana emailed Mr. Cahn on August 7, 2013 and wrote that it was 'urgent' for Mr. Cahn to travel to Conakry because '[t]he Government has taken the decision to pay

everything.'" SMF ¶ 133 (internal citation omitted). When Mr. Cahn arrived at Conkary on August 9th, the "Government of Guinea never raised any question about the existence of an attorney-client relationship between Dentons US and Guinea and it never denied that Guinea had requested and received thousands of hours of legal services from Dentons US and that it continued to consider the services to be excellent." SMF ¶ 136. Minister Fofana coordinated with Minster of Finance Yansane, and a meeting was held with those ministers, Mr. Cahn and others on August 10th and 11th. SMF ¶ 137. At that point, Guinea still did not dispute that it owed the amounts invoiced to Dentons US. Instead, "Minister Yansane stated that Guinea had not, at that point, budgeted to pay the legal fees and expenses because certain internal approval processes had not been followed. He did not deny, however, that Guinea was responsible for Dentons US's legal fees or that Dentons US needed to be paid if it was to continue representing Guinea." SMF ¶ 138.[1] At no time in August 2013 did any of the individuals involved state that they were entering into compromise negotiations on a disputed claim. By the end of August, with no partial payment from Guinea, Dentons US stopped providing Guinea with new or additional legal services. SMF ¶ 152.

At no time prior to September 2013 did Dentons US threaten litigation against Guinea. None of the conversations in August cited by Guinea reflect any such contemplation or threat (or even any offer to compromise a disputed claim), and Guinea itself does cite to any communication that occurred in August in which Dentons US threatened litigation. Dentons US has taken the consistent position throughout this litigation—before the present matter arose—that Dentons US did not anticipate litigation until September 2013. Namely, Dentons US did not log any Attorney Work Product privileges in anticipation of the present litigation until September 4, 2013.[2]

---

[1] Notably, in its Reply Statement of Material Facts, Guinea states that these communications are "immaterial" and barred under Rule 408, but does not dispute that they occurred. *See* Reply SMF ¶¶ 133‒140.
[2] Dentons US logged one communication on August 23, 2013 (after the communications challenged here), of an email seeking legal advice regarding the collection of fees as an Attorney-Client Communication. Dentons US notably did

3

Moreover, in a pre-hearing letter to the Court and at the hearing over a challenged document, Dentons US's counsel took the consistent position that Dentons US did not anticipate litigation until September 2013. *See* Letter from Ana Reyes to Honorable Randolph D. Moss at 4 (Dec. 16, 2016) ("Plaintiff first anticipated litigation against Defendants in September 2013."); Tr. of Mar. 8, 2017, Status Conference Hr'g. at 2:21–22.

## ARGUMENT

Federal Rule of Evidence 408 precludes admission of statements during "compromise negotiations about [a] claim." Rule 408(a). The August 2013 communications did not concern compromise negotiations about a disputed claim. In none of the discussions during August 2013, did Guinea dispute that Dentons US had incurred the fees reflected in the invoices or that they were due and owing by Guinea. Nor was there a single threat of litigation. Indeed, Minister of Mines Fofana asked Dentons US attorneys to travel to Guinea because the government, "had taken the decision to pay *everything*." SMF ¶ 133 (emphasis added). Thus, the individuals were not there to discuss, and did not discuss, claims by Guinea that the invoices were too large or invalid. To the contrary, the purpose and contents of the meetings centered on Guinea's purported inability to pay the full amount, whether Guinea could make partial payments, and whether third parties could pay some of the amounts. Such communications are not covered by Rule 408. "[W]here a debtor admits the validity and amount of a debt, and simply tries to negotiate debt relief or a payment plan, the statements made pursuant to such negotiations are not protected by [Rule 408]." 2 Stephen A. Saltzburg, et al, *Federal Rules of Evidence Manual* § 408.02[3] (MB 11th ed. 2015); Jack B. Weinstein, & Margaret A. Berger, *Weinstein's Evidence Manual* § 7.05 (MB 2018)

---

not assert Attorney Work Product protection over that communication as litigation was not contemplated at that time. Dentons US can make the privilege logs available to the Court, Guinea already has the logs.

4

(admissions of liability that do not involve the validity of a claim are not within Rule 408's protection).[3]

In any event, even if the communications did concern offers of compromise, Rule 408 does not prohibit evidence of statements if not offered to prove liability at trial. *See* Rule 408(b). Thus, even if the Court were to find, *arguendo*, that the communications were covered by Rule 408(a), they can still be admitted for purposes of resolving Guinea's contention that the Court lacks subject-matter jurisdiction. *See Nat'l Consumers League v. Bimbo Bakeries USA*, 46 F. Supp. 3d 64, 75 (D.D.C. 2014) (settlement communication could be considered to assess whether claim exceeded amount-in-controversy for purposes of assessing diversity jurisdiction) (citing cases); *Smith v. Cutler*, 504 F. Supp. 2d 1162, 1167–68 (D.N.M. 2007) (holding that settlement communication could be considered to assess personal jurisdiction). The statements by Minister of Mines Fofana support Dentons US's contention that he had authority to act on behalf of Government with respect to Denton US's fees; the statements by Minister of Finance Yansane confirm that he was aware of Dentons US's work and the invoices; and altogether the statements confirm that Guinea ratified the Letter of Engagement through its actions.

## CONCLUSION

Dentons US respectfully requests that the Court admit Guinea's August 2013 statements in which Guinea admitted it fully owed the outstanding invoices.

---

[3] *See also Molinos Valle Del Ciabo v. Lama*, 633 F.3d 1330 (11th Cir. 2011) (discussions after a check had bounced were not covered by Rule 408 because at the time the defendant acknowledged both the validity and the amount of the debt); *MCI Commc'ns. Servs. v. Hagan*, 641 F.3d 112, 116–17 (5th Cir. 2011) (lower court erred by excluding statements, under Rule 408, because at the time, there was no dispute about who caused damage and the amount of damages); *Deere & Co. v. Int'l Harvester Co.*, 710 F.2d 1551, 1557 (Fed Cir. 1983) ("Rule 408, on its face, is limited to actual disputes over existing claims and, accordingly, cannot be applicable to an offer, albeit one ultimately rejected, to license, an as yet, uncontested patent.").

Dated:  February 15, 2019

By:   /s/ Ana C. Reyes
     Ana C. Reyes

WILLIAMS & CONNOLLY LLP
Michael S. Sundermeyer (No. 931873)
Ana C. Reyes (No. 477354)
725 Twelfth Street, N.W.
Washington, DC  20005
Tel. (202) 434-5000
Fax (202) 434-5029
msundermeyer@wc.com
areyes@wc.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 15, 2019, a copy of the foregoing was filed electronically via ECF.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

      /s/ Ana C. Reyes
Ana C. Reyes (No. 477354)
WILLIAMS & CONNOLLY LLP