**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DENTONS US LLP** )<br>)<br>*Plaintiff*, )<br>)<br>*v.* )<br>) Case No. 1:14-cv-1312-RDM<br>**THE REPUBLIC OF GUINEA et al.,** )<br>)<br>*Defendants*. )<br>_____ )<br>)<br>**THE REPUBLIC OF GUINEA et al.,** )<br>)<br>*Counterclaim Plaintiffs,* )<br>)<br>*v.* )<br>)<br>**DENTONS US LLP et al.,** )<br>)<br>*Counterclaim and Third Party* )<br>*Defendants.* )<br>)<br>_____ ) | **OPPOSITION TO MOTION FOR CONTINUANCE OF REBUTTAL EXPERT WITNESS DEADLINE** |

When the Court set the deadlines in this case, it warned both parties that it would "only grant extensions of time or continuances of the above deadlines or trial upon a showing of compelling circumstances." *See* October 18, 2019 Minute Order. Defendants and Counterclaim Plaintiffs The Republic of Guinea and its Ministry of Mines and Geology (hereinafter "Guinea") have made no such showing. Nor could Guinea do so. Guinea unilaterally decided that it would not comply with the deadlines in this case and then—three days before its rebuttal expert reports were due—emailed Plaintiff Dentons US LLP and Third Party Defendant Dentons Group (a Swiss Verein) (hereinafter "Dentons") seeking an extension of time because Guinea would have "difficulty in meeting that deadline." Ex. A.

Dentons refused to agree to such extension. In Dentons view, the surest way to expeditiously resolve this long-pending case—whether by settlement or trial—is to keep the existing schedule in place unless and until a settlement is reached.[1] Consistent with this position, Dentons timely served a rebuttal report on Friday.

It was only after Dentons refused to agree to an extension of the rebuttal report deadline that Guinea floated the idea that the deadline did not apply to it in the first instance. Ex. B. This eleventh-hour argument—raised the day before rebuttal reports were due—relies on a misconception of the scope of the liability trial and an artificially narrow reading of Dentons' experts' reports. The liability trial is not limited to determining "the authority to commit the government of Guinea and the fiduciary obligations of Dentons in securing the retainer agreement," as Guinea posits in its motion. Dkt. 112 at 3. Rather, the trial will address *all issues except damages* as to both parties' claims, including Dentons' claims for breach of contract, quantum meruit, unjust enrichment, and account stated as well as Guinea's counterclaims for breach of contract and breach of fiduciary duty.[2] Contrary to Guinea's claim that Dentons' experts cabined themselves in as damages-only experts, Marcia Wiss and Pedro Aguiar de Freitas squarely address liability issues as to these claims. *See* Ex. C (Wiss Report) and Ex. D (Freitas Report).

---

[1] While the parties are in settlement discussions, there is no pending agreement, and given Guinea's failure to perform specific representations in the past about payment of legal fees, no indication that it would abide by any purported agreement. Dentons will not characterize the mediator's views on settlement other than to say they bear no resemblance to the representation in the motion.

[2] The Court dismissed Guinea's claims for fraud in the inducement and limited the injunctive relief claim to a potential remedy if Guinea prevails on its breach of contract claim. Dkt. 59.

Ms. Wiss's report addresses—among other things—the scope of the representation Guinea requested that Dentons undertake, whether such representations are customary for a law firm to provide, and whether Dentons adequately performed under the contract. Ex. C. Even the section headings of Ms. Wiss's report make clear that she is addressing liability, covering topics such as "10) The amount *and quality* of the work product produced by Dentons US, Dentons UKMEA and Dentons Europe," and "12) Whether the subcontractors engaged by Dentons US were of *reasonable quality*." *Id.* at 2 (emphases added).

As to Mr. Freitas, the very first sentence of his report makes clear that he is not opining on fees alone:

> I have been asked by counsel for Plaintiff Dentons US LLP ("Dentons US") in the above-captioned matter *to render an opinion concerning the complexities involved in project finance, the uniquely massive scope and scale of Guinea's Simandou Project*, and the reasonableness of the legal fees that were charged by Dentons US, the other Dentons Verein member firms and the subcontractors for their representation of the Republic of Guinea and its Ministry of Mines and Geology (hereafter, "Guinea").

Ex. D at 1 (emphasis added). Indeed, Guinea's own brief quotation of Mr. Freitas's report in its motion includes opinions on liability: "'the work [Dentons] performed *is consistent with the type of work that was required by the scope of work requested by Guinea*, as reflected in the August 2012 and December 2012 Letter of Engagement and in follow up requests by government officials.'" Dkt. 112 at 2 (quoting Freitas Report at 4, emphasis added).

One point of agreement between Dentons and Guinea is that "it was expressly discussed" during the status conference "that the parties would not have to do any evaluation of the billing records in the liability portion of the trial." *See* Dkt. 112 at 2.[3] But it is apparent from the face

---

[3] Dentons will serve damages rebuttal reports addressing Guinea's expert's evaluation of Dentons' billing records at the appropriate time and testimony on the billing records will be offered during the damages phase of trial.

3

of Ms. Wiss's and Mr. Freitas's reports that they are not simply evaluating Dentons' billing records and are instead offering opinions that go to the core of the parties' respective claims. While Guinea purports to need "clarification" of the scope of the liability trial before "waiving any right to designate a rebuttal expert," Dkt. 112 at 3, Guinea knew full well its rebuttal reports were due on Friday.  That Guinea's counsel sought an extension of the deadline from Dentons' counsel before seeking such "clarification" says so loud and clear.  Guinea's motion is yet another delay tactic in a case that has already been pending for over five years.  Dentons respectfully requests that Guinea's motion be denied.

        Respectfully submitted,

         /s/ Ana C. Reyes
        Ana C. Reyes (No. 477354)

        WILLIAMS & CONNOLLY LLP
        Michael S. Sundermeyer (No. 931873)
        Ana C. Reyes (No. 477354)
        Mary Beth Hickcox-Howard (No. 1001313)
        725 12th Street, NW
        Washington, D.C.  20005
        Tel. (202) 434-5000
        Fax (202) 434-5029
        msundermeyer@wc.com
        areyes@wc.com
        mhickcox-howard@wc.com

*Attorneys for Plaintiff Dentons US LLP and Third Party Defendant Dentons Group (a Swiss Verein)*

Dated:  January 14, 2020

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2020, a copy of the foregoing **OPPOSITION TO MOTION FOR CONTINUANCE** was filed electronically via ECF.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

    /s/ Ana C. Reyes
Ana C. Reyes (No. 477354)